```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION

LINDA TELLEZ,                     §
                                  §
              Plaintiff,          §
                                  § Civil Action No. 3:06-CV-0921-D
VS.                               §
                                  §
STATE FARM MUTUAL AUTOMOBILE      §
INSURANCE COMPANY,                §
                                  §
              Defendant.          §
```

## MEMORANDUM OPINION AND ORDER

In this action to recover under state law for breach of an insurance contract for underinsured motorist benefits and on various extracontractual claims, plaintiff Linda Tellez ("Tellez") has filed a second motion to remand for lack of jurisdiction, and defendant State Farm Mutual Automobile Insurance Company ("State Farm") has filed a motion for severance, abatement, and separate trials. The court denies the motion to remand, grants the motion for separate trials, and denies the motions for severance and abatement.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

Tellez maintains that the case must be remanded because the amount in controversy is less than $75,000, exclusive of interest and costs. She contends that she seeks $25,000 in damages, that the statutory penalties provide for up to three times the amount of her actual damages, and that her recovery of treble damages and attorney's fees is contingent on her prevailing on her underlying claim. She also points out that State Farm receives a credit for $25,000 for settling the underlying claim.[2] Tellez reasons that State Farm cannot meet its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Removal based on diversity of citizenship is not available unless the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"). To establish jurisdiction when the plaintiff's state court petition does not allege a specific amount of damages, "the removing defendant must

---

[2]In its response to this argument, State Farm asserts that the court must dismiss Tellez's claim for failure to state a claim on which relief can be granted. The court will not address such a motion presented in the context of a response to a remand motion.

- 2 -

prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). "[A] court can determine that removal was proper if it is facially apparent [from the state court petition] that the claims are likely above [$75,000]." *Id.* If the amount in controversy is not apparent from the face of the petition, the court may rely on facts asserted in the removal notice or in an affidavit submitted by the removing defendant to support a finding of the requisite amount. *Id.* The court may also apply common sense to conclude that the minimum jurisdictional amount is met. *See id.* at 1336 (holding that "[a] court, in applying only common sense, would find that if the plaintiffs were successful in their punitive damages claim, they would collect more than [$75,000.]").

Here, the record establishes that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. In her original state court petition, Tellez alleges that she was damaged in the sum of $25,000 in actual damages. Pet. ¶ XIII. She also seeks damages for frustration and mental anguish, *id.*, punitive and exemplary damages "well in excess of the sum of $50,000.00," *id.* at ¶ XV, attorney's fees, *id.* at ¶ XVIII, and punitive and additional damages under Texas statutes of "up to three times the sum of actual damages," *id.* at ¶ XIX. It is patent

that the amount in controversy is satisfied, and the second motion to remand is denied.

## II

State Farm moves for severance, abatement, and separate trials.[3] It requests that the court sever and abate Tellez's bad faith claims from her breach of contract claim so that the bad faith claims may be adjudicated in a separate trial after the breach of contract claim is resolved. It also asks that discovery concerning the bad faith claims be abated until the breach of contract claim is resolved or, alternatively, that the breach of contract claim be tried separately. Tellez opposes the motion.[4]

This court has addressed similar questions before. In *Bays v. State Farm Mutual Automobile Insurance Co.*, 1999 WL 68648 (N.D. Tex. Feb. 4, 1999) (Fitzwater, J.), the court treated State Farm's motion for severance as a motion for separate trials. It held pursuant to Fed. R. Civ. P. 42(b) that, to avoid undue prejudice,

---

[3] State Farm's motion for separate trials under Fed. R. Civ. P. 42(b) is made in the alternative to its principal motions for severance and abatement.

[4] In her response brief, Tellez relies on *Lusk v. Puryear*, 896 S.W.2d 377 (Tex. App. 1996, orig. proceeding), to argue that her breach of contract claim cannot be severed from her claim under Tex. Ins. Code Ann. art. 21.55. Assuming *arguendo* that she would also contend that her claim under article 21.55 cannot be tried separately from her claim for breach of contract, the court rejects this contention. The court of appeals that decided *Lusk* held in *In re Trinity Universal Insurance Co.*, 64 S.W.3d 463 (Tex. App. 2001, orig. proceeding), that *Lusk* did not control the issue of severance in a suit for uninsured/underinsured motorists benefits and that the article 21.55 claim was severable. *Id.* at 467-48.

a plaintiff's breach of contract claim must be tried separately from, and prior to, her extracontractual claims. *Id.* at *1. The court declined, however, to abate the litigation of the extracontractual claims. *Id.* at *2. It relied on the reasoning of its prior decision in *Whittenburg v. State Farm Mutual Automobile Insurance Co.*, 1997 WL 10036, at *1 (N.D. Tex. Jan. 8, 1997) (Fitzwater, J.). In *Whittenburg* the court held that abatement "would unduly prolong the litigation in the event State Farm is found to have breached the insurance contract [and that] [t]he protection that State Farm should be accorded can adequately be conferred by conducting separate trials." *Id.* (quoting *Whittenburg*, 1997 WL 10036, at *1). The court therefore denied the motion for abatement without prejudice to State Farm's later seeking this relief for good cause shown. *Id.* The court concludes from its review of the record that it should follow a similar approach in this case. Accordingly, the court grants State Farm's motion for separate trials, and it will try Tellez's breach of contract claim separately from her extracontractual claims. The court denies State Farm's motion for severance, and it denies its abatement for motion, without prejudice to its later seeking this relief for good cause shown.

\*    \*    \*

The court grants State Farm's October 10, 2006 motion for separate trials and denies its motions for severance and abatement. Tellez's November 22, 2006 second motion to remand is denied.

**SO ORDERED.**

January 31, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE